# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**LEXINGTON INSURANCE COMPANY,** )
)
    **Plaintiff,** )
)
**v.** )   **CIVIL ACTION 07-0322-WS-C**
)
**EVAN J. WOLFE, et al.,** )
)
    **Defendants.** )

## ORDER

    This matter is before the Court on the plaintiff's motion for temporary restraining order/preliminary injunction. (Doc. 2). The motion reveals that the defendants have demanded an appraisal under the plaintiff's policy, which policy the plaintiff asserts should be voided due to misrepresentations in its procurement.

    An essential element of injunctive relief, as to which the movant bears the burden, is that "the movant will suffer irreparable injury unless the injunction is issued." *Burk v. Augusta-Richmond County*, 365 F.3d 1247, 1262 (11th Cir. 2004); *cf. Siegel v. LePore*, 234 F.3d 1163, 1176 n.9 (11th Cir. 2000) (en banc) (a "substantial likelihood" of irreparable harm suffices). The plaintiff alleges that it will suffer irreparable injury if the appraisal process continues before the plaintiff receives a ruling on the merits of its claim that the policy should be voided. The plaintiff specifies that the irreparable injury consists of the following: (1) "costs associated with that [appraisal] proceeding, including appraiser fees and one-half of the umpire fees and expenses"; and (2) "[i]n the event of an appraisal award, Lexington would have to pursue additional costs associated with a court action seeking to set aside the award because the policy was obtained and the claims were submitted" through fraud. It is these "additional expense[s] and costs" that the plaintiff seeks to avoid through injunctive relief. (Doc. 2 at 5, ¶ 21).

    "An injury is 'irreparable' only if it cannot be undone through monetary

remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *accord Reese v. Miami-Dade County*, 2003 WL 22025458 at *1 (11th Cir. 2003); *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991).  On its face, the motion discloses that the plaintiff's only injury will be additional costs and expenses, the amount of which will be easy to calculate, and the plaintiff does not allege that the policy or law prevents it from recovering such damages.  Thus, as in *Reese*, "there is nothing to preclude the plaintiffs, in the event they deem themselves injured, from suing for monetary damages." 2003 WL 22025458 at *1.

Even had the plaintiff shown it cannot recover these outlays, "'[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *Triangle Construction & Maintenance Corp. v. Our Virgin Island Labor Union*, 425 F.3d 938, 947 n.8 (11th Cir. 2005) (quoting *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)).[1]

"A showing of irreparable injury is the sine qua non of injunctive relief."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (internal quotes omitted). Because the motion for a temporary restraining order/preliminary injunction reflects that the plaintiff cannot satisfy this element, the motion is **denied**.

DONE and ORDERED this 10th day of May, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] It is not clear why the plaintiff would incur significant litigation expense to begin with, since any proceedings to enforce or challenge an appraisal award presumably would be stayed pending the conclusion of this action.