IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**LEXINGTON INSURANCE COMPANY,** )
                                                        )
    **Plaintiff,**                             )
                                                        )
v.                                             )   **CIVIL ACTION 07-0322-WS-C**
                                                        )
**EVAN J. WOLFE, et al.,**          )
                                                         )
    **Defendants.**              )

**ORDER**

This matter is before the Court on the plaintiff's motion for entry of default judgment against defendant Edmond H. Smith IV. (Doc. 33). After carefully considering the motion and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact ...." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, if liability is well pleaded, it is established by the entry of default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The well-pleaded allegations of the complaint, admitted by Smith's default, establish the following salient points: (1) that Smith, alone or with co-defendant Evan Wolfe, misrepresented in an application for insurance that Wolfe owned the property; (2) that in fact the property was being purchased by Smith in Wolfe's name in order to shield the property from a large judgment against Smith; (3) that Smith knew or should have known the representation was false; (4) that Smith intended the plaintiff to rely on the misrepresentation in issuing a policy; (5) that, but for the misrepresentation, the plaintiff would not have issued the policy; and (6) that the plaintiff has been damaged by the misrepresentation in that it issued the policy and thereafter paid for damage allegedly caused by Hurricane Katrina. (Doc. 1, ¶¶ 9-10, 16-18, 72, 74, 95-102). These allegations, and their admission by

Smith's default, establish his liability for fraud under Alabama law. *E.g., Crowne Investments, Inc. v. Bryant*, 638 So. 2d 873, 876-77 (Ala. 1994) (a cause of action for fraud requires a false representation of a material existing fact, reliance by the plaintiff on the representation, and resulting damage).

The affidavit of Sandra Carter confirms the allegation of the complaint, (Doc. 1, ¶ 101 and ad damnum clause), that the amount of damage the plaintiff has sustained by paying benefits on a policy it would not have issued but for Smith's fraud is $1,075,940.40. (Doc. 33, Exhibit A). The plaintiff is entitled to judgment against Smith in this amount.

The motion for entry of default judgment additionally requests the Court to declare that the policy be rescinded. (Doc. 33 at 1-2). The policy, however, was issued in the name of Wolfe, and the plaintiff has sought neither entry of default nor entry of default judgment against this defendant.

For the reasons set forth above, the plaintiff's motion for entry of default judgment is **granted** with respect to its request for a monetary judgment of $1,075,940.40. Judgment shall be entered accordingly by separate order. In all other respects, the motion for entry of default judgment is **denied**.

DONE and ORDERED this 1st day of November, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE