# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**LEXINGTON INSURANCE COMPANY,** )
)
    **Plaintiff,** )
)
**v.** ) CIVIL ACTION 07-0322-WS-C
)
**EVAN J. WOLFE, et al.,** )
)
    **Defendants.** )

## ORDER

This matter is before the Court on the motion of defendant Edmond H. Smith IV to set aside entry of default and default judgment. (Doc. 43). The parties have filed briefs in support of their respective positions, (Docs. 44, 45, 47, 49), and the motion is ripe for resolution.[1] After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be denied.

## BACKGROUND

The plaintiff filed this action on May 8, 2007, alleging inter alia that Smith submitted an application for insurance that falsely represented co-defendant Evan J. Wolfe as the property owner, when in fact the property was being purchased by Smith in Wolfe's name in order to shield the property from a large judgment against Smith. The complaint alleged that, but for the misrepresentation, the plaintiff would not have issued the policy, and that the plaintiff was damaged by the misrepresentation in that it paid out over one million dollars in benefits following Hurricane Katrina. (Doc. 1).

Summons was issued May 10, 2007. (Doc. 2). Smith was incarcerated at Mobile Metro Jail, and service was made on May 16, 2007 by service on a correctional employee.

---

[1] Smith's motion to amend the motion to correct a factual error, (Doc. 44), is **granted**.

(Doc. 10). On May 16, 2007, counsel for the plaintiff wrote Smith's counsel and offered not to seek default against Smith until 20 days after his release from Mobile Metro. (Doc. 12, Exhibit A). The next day, Smith's counsel accepted the offer and confirmed that Smith had been made aware of the deadline for responding to the complaint. (*Id.*).

On May 22, 2007, Smith was released from jail, as discussed below. (Doc. 43 at 2). The next day, the plaintiff filed a motion to extend the time for Smith to file a responsive pleading until June 11, 2007, twenty days after Smith's release from jail; the motion was served on Smith by mail at his home address. (Docs. 12, 43 at 2). The same day, the Court granted the motion and established a deadline of June 11, 2007 for Smith to respond to the complaint. (Doc. 13).

Smith was temporarily released from jail by court order for the express purpose of seeking medical treatment in New Orleans. Before being released, he was fitted with an electronic monitoring device. On or before June 1, 2007, Smith removed or disabled the device, and he was by that date considered missing by local law enforcement officials. (Doc. 45, Exhibit A; *id.*, Exhibit C at 4). Smith absconded to Costa Rica, purportedly to receive medical treatment unavailable at the Oschner Clinic. (Doc. 47 at 1-2). Smith left the country with full knowledge that he did so in violation of a court order. (*Id.* at 2).

Smith did not file an answer or any other document by the June 11 deadline. On June 28, 2007, the plaintiff filed an application for entry of default, with service by mail on Smith at his home address. (Docs. 17, 43 at 2). Smith (who was in Costa Rica) did not respond, and default was entered on July 19, 2007. (Doc. 22).

Smith was apprehended in Costa Rica in late August 2007, (Doc. 45, Exhibit B). He was returned to Mobile Metro on or about September 11, 2007, (*id.*, Exhibit C at 4), where he remained until on or about February 15, 2008. (Doc. 43 at 3).

On October 29, 2007, the plaintiff filed a motion for entry of default judgment, with service on Smith care of Mobile Metro. (Doc. 33). Smith did not respond, and the Court granted the motion, entering judgment on November 1, 2007. (Docs. 34, 35).

## DISCUSSION

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) permits relief on the grounds, inter alia, of "excusable neglect," *id.*, Rule 60(b)(1), and Smith argues he can meet this standard. (Doc. 43 at 3).[2]

"To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re: Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (internal quotes omitted).

Smith only generally "avers that ... he [can] meritoriously defend the allegations contained in the complaint." (Doc. 43 at 2). Such assertions "amount to little more than general denials offered only at the highest order of abstraction, and ... a moving party cannot satisfy the burden of showing a meritorious defense simply by asserting a general denial." *Worldwide Web*, 328 F.3d at 1296 (internal quotes omitted). Smith was required to "make an affirmative showing of a defense that is likely to be successful," *id.* (internal quotes omitted), and counsel's ipse dixit is patently insufficient to constitute such a

---

[2]A motion under Rule 60(b)(1) "must be made within a reasonable time" not exceeding one year after entry of the judgment. Fed. R. Civ. P. 60(c)(1). The instant motion was not filed until March 21, 2008, almost five months after default judgment was entered. Because, as discussed in text, Smith cannot establish excusable neglect for allowing default judgment to be entered in the first place, the Court need not consider whether his motion to set aside that judgment was filed within a reasonable time. *See generally Securities and Exchange Commission v. Simmons*, 241 Fed. Appx. 660, 664 (11th Cir. 2007) ("We have held on numerous prior occasions that an inexplicable delay in filing a motion to vacate after learning of a default judgment precludes relief under 60(b)(1).") ( citing cases in which four months and two months were deemed too long).

showing.

In assessing the existence of a "good reason" for allowing a default judgment to be entered, the Court recognizes that "a party has a duty to monitor the progress of his case." *Securities and Exchange Commission v. Simmons*, 241 Fed. Appx. 660, 664 (11th Cir. 2007). Here, Smith was informed: (1) that he was required to respond to the complaint within 20 days of being released from jail; (2) that the twentieth day was June 11, 2007; (3) that the plaintiff had sought entry of default; (4) that default had been entered; and (5) that the plaintiff had sought entry of default judgment. Smith has not argued, and could not effectively argue, that he was unaware that he needed to respond to the complaint and that he was subject to entry of default and default judgment for failing to do so.

Instead, Smith asserts that, as a diabetic with an infected foot, he was fearful of amputation and, when a doctor at the Oschner Clinic mentioned that possibility but also mentioned that Costa Rican doctors had alternatives, he blocked out both this lawsuit and the court order forbidding travel, and away he went. Once in Costa Rica, the anxiety and stress from his diagnosis left him unable to focus on anything else, including the litigation. (Doc. 47, ¶¶ 3-4). After he was returned to Mobile Metro in September, he was unable to file an answer because he had no lawyer. (Doc. 43, ¶ 11). Assuming without deciding that Smith's version of events is accurate, it does not establish the requisite good reason.³

"At the very least, a party must demonstrate his own diligence ...." *Simmons*, 241 Fed. Appx. at 664; *accord Florida Physician's Insurance Co. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993). Smith admits that, once he returned to Mobile in early September, his medical issues did not distract him, and the only reason he did not respond to the complaint or seek to set aside entry of default for a period of almost two months was that he was incarcerated, without a lawyer to file for him. Being unrepresented does not help

---

³Because the Court accepts the accuracy of Smith's version of events, the evidentiary hearing he requests, (Doc. 47 at 2), is unnecessary.

Smith, because "pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (upholding lower court determination of no good cause to set aside default judgment). Smith does not assert that he was unable to obtain a lawyer during this period, and any such assertion would be both irrelevant and plainly false, since in September 2007 he obtained the services of an attorney to represent him on the escape charges booked against him after his capture in Costa Rica. (Doc. 45, Exhibit D at 3).

Being incarcerated does not help Smith either, because "a jailed litigant ought to be treated neither worse, nor better, than any other party when it comes to the conduct of litigation unless some special circumstance of confinement interferes with her ability to manage legal affairs, [citations omitted], or the prisoner's inability to contest entry of a default judgment was clearly beyond her control." *Jones*, 39 F.3d at 163. Smith does not allege that he was kept without access to telephones or writing materials for two months (or at all), and he obtained counsel on the escape charges during the same period of incarceration, so there are no special circumstances of confinement that could justify his failure to act.

Moreover, "[t]he longer a defendant ... delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007). Here, Smith's answer was due on June 11, 2007, yet he filed nothing of any description until March 23, 2008. That nine-plus month delay — half of it before default judgment was entered — cries out for a most compelling reason, and Smith supplies none. Like the defendant in *Jones*, Smith for a lengthy period simply ignored his case while knowing that default had been entered and while having the means to seek relief from entry of default, obtain additional time to challenge entry of default judgment, or find a lawyer to do so on his behalf. That is precisely the opposite of the diligence the law requires to support relief under Rule 60(b).

With respect to the final factor, Smith asserts that the plaintiff will not be prejudiced by granting his motion, because its case against Wolfe is not far advanced. (Doc. 43 at 3). A decent argument could be mounted that a plaintiff is prejudiced for purposes of Rule 60(b)(1) when, as here, the defendant against whom judgment has been entered has no meritorious defense. In such a case, if judgment is vacated the plaintiff must either expend additional attorney's fees or settle the case (to avoid such fees) for less than the full amount of the claim, despite the recognized inability of the defendant to mount any effective defense whatsoever. Such a result smacks of extortion. It is thus unsurprising that courts "have prevented the needless protraction of litigation by requiring the moving party to show a good claim or defense." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2857 at 260 (3rd ed. 1995).

Even assuming that the plaintiff would not be prejudiced by granting Smith's motion, and even recognizing that "the absence of prejudice to the nonmoving party and to the interests of efficient judicial administration are of primary importance," *Worldwide Web*, 328 F.3d at 1297 (internal quotes omitted), without either a good reason for allowing default judgment to be entered or a meritorious defense to the action, the absence of prejudice does not alone support relief under Rule 60(b)(1). *Simmons*, 241 Fed. Appx. at 664 ("[W]e made clear in [*Worldwide Web*] that a lack of prejudice is not enough, by itself, to warrant relief."); *see also Eurisol*, 488 F.3d at 934 (because the defendant had no good reason for not responding to the complaint, the trial court did not abuse its discretion in denying the defendant's motion under Rule 60(b)(1)); *National Railroad Passenger Corp. v. Patco Transport, Inc.*, 128 Fed. Appx. 93, 94-95 (11th Cir. 2005) (same). To the extent the Court retains discretion to grant Smith's motion despite the absence of either a good reason or a meritorious defense, the Court declines to do so under the circumstances of this case.

For the reasons set forth above, Smith's motion to set aside default judgment is **denied**.

DONE and ORDERED this 27th day of May, 2008.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE