**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

LEXINGTON INSURANCE COMPANY, )
                                                          )
      **Plaintiff,**                                  )
                                                          )
v.                                                        )   **CIVIL ACTION 07-0322-WS-C**
                                                          )
EVAN J. WOLFE, et al.,                       )
                                                          )
      **Defendants.**                            )

**ORDER**

    This matter is before the Court on the plaintiff's motion for summary judgment against defendant Evan J. Wolfe.  (Doc. 61).  The parties have filed briefs and/or evidentiary materials in support of their respective positions, (Docs. 62, 63, 67, 70), and the motion is ripe for resolution.  After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion for summary judgment is due to be granted in part and denied in part.

**BACKGROUND**

    According to the complaint, Wolfe, co-defendant Edmond H. Smith IV and others conspired to purchase a home in Theodore, Alabama ("the Property") in Wolfe's name but with a secret deal that Smith would eventually buy out Wolfe's interest and pay off the mortgage.  This was done to hide from a large judgment creditor Smith's acquisition of the Property.  In June 2005, Wolfe "or someone representing himself as" Wolfe made application to the plaintiff for a homeowner's policy ("the Policy"), in which several false statements were made that caused the plaintiff to issue the Policy to Wolfe.  After Hurricane Katrina, the plaintiff paid over $1 million in claims on the Policy, all in checks made payable to Wolfe and the mortgagee.  Wolfe "and/or" Smith forged the mortgagee's endorsement on several of the claims checks.  Wolfe "and/or" Smith conspired to submit

fraudulent invoices and bills for hurricane repairs.

The complaint sets forth five counts:

- Count One          Rescission of the policy
- Count Two          Declaration that the policy is void
- Count Three        Intentional fraud
- Count Four         Negligent fraud
- Count Five         Suppression

Count One seeks declaratory relief only, including declarations that: (1) the plaintiff is entitled to rescind; (2) the Policy is null and void; (3) the defendants are not entitled to benefits under the Policy; (4) the plaintiff is entitled to a return of all sums paid on the claims submitted; (5) the Policy's terms and conditions are null and void; and (6) the plaintiff is entitled to a permanent injunction concerning appraisal.  (Doc. 1 at 14). Count Two seeks the declaratory relief identified in items (2), (3), (5), and (6).  (*Id*. at 18).  Counts Three through Five demand judgment against Smith and Wolfe, jointly and severally, in the amount of $1,075,940.40.  (*Id*. at 21, 23, 25).

Smith defaulted, and the plaintiff moved for default judgment against him.  (Doc. 33).  The Court granted the motion with respect to the plaintiff's claim for fraud and entered judgment in the full requested amount.  The Court did not grant the motion with respect to its request for a declaration that the Policy be rescinded, since the Policy was issued in the name of Wolfe, who had not defaulted.  (Doc. 34).

In its motion for summary judgment, the plaintiff seeks two forms of relief: (1) rescission of the Policy; and (2) a judgment in the amount of $1,075,940.40, plus interest and court costs.  (Doc. 61).

## DETERMINATIONS OF UNCONTROVERTED FACT

The application reflects that Wolfe is the owner of the Property and that the Property is owner-occupied.  The application also denies that Wolfe owns, occupies or

rents any other residence.  (Doc. 1, Exhibit A at 3-4).

Wolfe did not reside at the Property after its purchase, and at the time of purchase he had no intention of doing so.  (Doc. 1, ¶ 20; Doc. 14, ¶ 20; Doc. 63, Exhibit A, ¶¶ 13, 19; *id*., Exhibit B, ¶ 5).  Instead, Wolfe continued to live in Semmes, Alabama, at least until approximately August 2007.  (*Id*., Exhibit A, ¶ 18; *id*., Exhibit B, ¶¶ 1-2).

Due to its underwriting rules, the plaintiff would not have issued the Policy, or would not have issued it for the premium stated, had it known that Wolfe did not live at the Property.  (Document 1, Exhibit F, Moran Affidavit at 3, ¶¶ 7, 9).

## CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party."  *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)(en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden,

then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d at 1116. "For issues on which the movant would bear the burden of proof at trial, the non-movant, in order to avoid summary judgment, must come forward with evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact." *Id.*

"To the extent that evidence conflicts at summary judgment, the district court has an obligation to view all the evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Allen v. Board of Public Education*, 495 F.3d 1306, 1315 (11th Cir. 2007) (internal quotes omitted).

Misstatements in an insurance application furnish grounds for rescission when, inter alia, they are "[m]aterial either to the acceptance of the risk or to the hazard assumed by the insurer." Ala. Code § 27-14-7(a)(2); *accord Alfa Life Insurance Corp. v. Lewis*, 910 So. 2d 757, 762 (Ala. 2005). A misstatement is material for purposes of Section 27-14-7 if it shows the insurer's liability to be less than if the fact had been accurately stated, and if a rational underwriter knowing the correct fact would have rejected the risk or accepted it only at a higher premium. *E.g., Johnson v. Centennial Life Insurance Co.*, 705 So. 2d 490, 493 (Ala. Civ. App. 1997).

"[S]ome misrepresentations, whether made intentionally or innocently, increase the risk of loss as a matter of law and are therefore material to the issuance of the policy." *Lewis*, 910 So. 2d at 762. Among these is a misstatement that a tenant will occupy the premises, when in fact one holding adversely to the insured is the occupant. *Camden Fire Insurance Association v. Landrum*, 156 So. 832, 833 (Ala. 1934); *see also Clark v. Alabama Farm Bureau Mutual Casualty Insurance Co.*, 465 So. 2d 1135, 1139 (Ala. Civ. App. 1984) (discussing *Landrum*). This for the reason that such a person has less

incentive to care for the property, to avoid or minimize loss. *Landrum*, 156 So. at 833. The same result must obtain when, as here, it is represented that the owner occupies the premises but in fact another, unknown to the insurer, does so. *See National Union Fire Insurance Co. v. Deas*, 158 So. 323, 323 (Ala. 1934) ("[T]he law, voicing common experience, presumes that the absolute owner of property will be more watchful of its preservation than would a mere tenant ...."). Accordingly, the plaintiff is entitled to rescission under Section 27-14-7(a)(2).

Even if a misstatement is not material, the insurer may rescind if it in good faith would not have issued the policy or would have required a greater premium had the true fact been known. Ala. Code § 27-14-7(a)(3); *Lewis*, 910 So. 2d at 762. Because it is uncontroverted that the plaintiff either would not have issued the Policy or would not have issued it at the same premium had the true facts concerning the Property's occupancy been revealed, and because it is uncontroverted that it would not have done so due to the neutral reason that its underwriting rules required such a result, the plaintiff is entitled to rescission under Section 27-14-7(a)(3).

In its motion for summary judgment, the plaintiff asks the Court to rescind the Policy. (Doc. 61 at 2). In its complaint, however, the plaintiff requests the Court to declare that the plaintiff may rescind the Policy. (Doc. 1 at 14, ¶ 78(a)). This appears to be the appropriate form of relief. *See, e.g., Lewis*, 910 So. 2d at 758, 761, 763 (ruling that the insurer should receive a declaration that it was entitled to rescind).

The plaintiff argues that, if it is entitled to rescind the Policy, it is entitled to reimbursement of the benefits paid on the post-Katrina claim. (Doc. 62 at 12-13). Although the plaintiff has no Alabama authority directly on point, "[w]hen rescission is ordered, the proper remedy is to restore the parties to the status quo ante, and each party should be placed in a position that it would have occupied had the conveyance not been made." *Putman Construction & Realty Co. v. Byrd*, 632 So. 2d 961, 967 (Ala. 1992).

Assuming that the plaintiff is entitled to reimbursement, it has not shown it is

entitled to a judgment against Wolfe for the $1,075,940.40 it has paid out in benefits.  A money judgment was not even requested under Count One, the only count the plaintiff has addressed in its motion for summary judgment.  Moreover, the plaintiff's own authority conditions a right of reimbursement on a showing "that the insured made a fraudulent representation."  (Doc. 62 at 12).  The named insured is Wolfe, and his discovery responses reflect that he did not submit the application for insurance and that the signature on the application is not his but a forgery.  (Doc. 63, Exhibit A, ¶¶ 7-10).  The plaintiff has thus failed to establish as an uncontroverted fact that Wolfe made any representation, false or otherwise, in the application.[1]

The plaintiff suggests that Wolfe is liable because he "was involved in a deceptive transaction," (Doc. 62 at 12), but it has not established this as an uncontroverted fact.  Whatever Wolfe may have known about the purchase of the Property, he has not been shown to have known anything about the purchase of the Policy or to be otherwise culpable in its acquisition.  Nor has the plaintiff addressed how any such involvement translates into seven-figure legal liability.

The plaintiff next suggests that Wolfe is liable because the benefit checks were made jointly payable to him and the mortgagee.  (Doc. 62 at 13).  But the plaintiff has failed to establish as an uncontroverted fact that Wolfe received any of the proceeds and, according to Wolfe, Smith forged Wolfe's signature and took the proceeds.  (Doc. 63, Exhibit A, ¶ 14; Doc. 67, ¶ 10).

Finally, the plaintiff posits that Wolfe made fraudulent representations in the application.  (Doc. 62 at 13).  Again, the plaintiff has failed to establish this as an uncontroverted fact.  Nor has it invoked its tort causes of action in support of its motion for summary judgment.

To the extent the plaintiff suggests it can receive judgment against someone other

---

[1]The plaintiff presumably recognizes this, since it presents Wolfe's involvement in the insurance application as a hypothetical, not an established fact.  (Doc. 62 at 13).

than Wolfe, (Doc. 62 at 13), it has not explained how this is possible.  The only defendants in the case are Smith and Wolfe, and the plaintiff already has a money judgment against Smith.  Nor was the plaintiff's motion for summary judgment filed against Smith.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for summary judgment is **granted** to the extent that the plaintiff is entitled to, and hereby receives, a declaration that it is entitled to rescind the Policy.  In all other respects, the motion is **denied**.

DONE and ORDERED this 16th day of December, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE